Lindsley v. Personette.

Morris B. Lindsley, administrator &c.,

v.

Mary H. Personette et al.

A testator gave to his wife, during her widowhood, a room in his dwelling-house and all the furniture she might require, and directed that his executors (his sons Stephen and Jephthah) should furnish her with everything necessary for her comfort during her natural life, and that in case they should refuse or neglect to do so, she should have "the privilege of choosing a person to act for her." Testator died in 1872, and his widow has continued to possess and live on his farm since then. Both of the sons, the executors, are dead, and complainant has been appointed administrator *cum test. an. de bonis non* of the testator. To a bill filed by him in this capacity, and on an allegation that the widow recently chose him to act for her under the will, averring that the means of support of the widow were insufficient, and praying that complainant might be authorized to sell some standing timber therefor, a demurrer filed by the widow and the administratrix of the surviving son and executor, was allowed, on the ground that complainant as administrator with the will annexed is not charged with the duty of securing for the widow of the testator the provision made for her by the will, and cannot sustain a suit brought in his name as her agent, for that purpose.—*Held* further, however, that the demurrer, being general, must be overruled, because complainant is entitled to an account (prayed by the bill) of the estate of his testator which remained in the hands of Stephen, the surviving executor, as against Stephen's administratrix; but, under the two hundred and tenth rule, the first-mentioned matter was struck out of the bill.

Bill for relief.   On general demurrer.

*Mr. T. Anderson,* for demurrant.

*Mr. F. H. Pilch,* for complainant.

The Chancellor.

The bill is filed by the administrator *cum testamento annexo de bonis non* of Joseph Personette, deceased.   It prays that his will be established and the trusts thereof performed and carried

into execution by and under the direction of this court; that an account may be taken of the testator's estate and effects not specifically bequeathed, and of his funeral expenses and debts, and of the legacies bequeathed by the will, and that the estate may be applied in payment of those expenses, debts and legacies, in a due course of administration, and the residue, if any, ascertained and distributed according to the will and under the direction of this court, and that proper directions may be given to the complainant as to his duty in providing for the testator's widow, under one of the provisions of the will by which the testator ordered and directed that his executors should furnish her with everything necessary for her comfort, during her natural life; and as to his duty touching the sale of the standing timber on the testator's land, and as to the sale of the land itself and the payment of legacies under the will, and that all necessary directions may be given to him touching the construction of the will and his execution of his trusts thereunder, and it prays for general relief. The bill states that the testator died in 1872. By his will, which is set out in the bill, he directed that his debts and funeral expenses be paid by his executors as soon after his decease as conveniently might be, and then gave to his wife, during her widowhood, a room in his dwelling-house and all the furniture she might require, and ordered and directed that his executors (his sons Stephen and Jephthah) should furnish her with everything necessary for her comfort, during her natural life, and that in case they should refuse or neglect to do so, she should have the privilege of choosing a person to act for her. He then gave to Stephen a lot of land of five acres and $400, and another small legacy. To his daughter Catharine he gave, during her widowhood, a room in his house and the necessary furniture and a legacy of $300, besides another small conditional one. He then gave to his son Jephthah all his real estate (except the five-acre lot) and all his personal property of every description. The bill states that Stephen and Jephthah proved the will, and in July, 1872, filed an inventory amounting to $1,095; that they, as executors, had possession of all the personal property except the household furniture, and that they

paid the debts, which were but trifling, and the funeral expenses, and the legacy of $400 to Stephen; that the testator left as his only next of kin and heirs-at-law, his widow, and his three children before mentioned; that Catharine died after her father's death, leaving one child, Anna L. Pryme, still living; that Jephthah died intestate and unmarried and without issue in July, 1873, and Stephen administered on his estate and filed an inventory in October, 1873, amounting to $1,476.88; that the executors did not, nor did either of them, ever file any account or make any settlement of the affairs of the estate, and that those affairs are in great confusion; that Stephen took possession of all Jephthah's estate and paid Jephthah's debts, which were few and small, but never filed any account or made any distribution or other settlement of the estate; that Stephen died intestate in 1880, leaving as his next of kin his wife, two children by a former wife and two infant grandchildren, children of a deceased daughter; that his widow is his administratrix and his estate is insolvent; that the complainant was appointed in April, 1880, administrator *de bonis non* of Jephthah, and has realized from his property $186.40, but can discover no other personal property; that the testator's widow recently chose him to act for her, as by the will she was authorized to do; that he has filed an inventory as administrator *cum testamento annexo de bonis non* of the personal property of the testator, consisting entirely of the household furniture and amounting to $216.10; that he has no money of the estate, nor any personal property belonging to it, on which he can realize money or get credit, and that he cannot carry out his trust without the aid of this court.

The bill further states that the testator died seized of a farm of about seventy-four acres in Essex county, of which his widow is, and ever since his death has been, in possession; that she is eighty-nine years old and not in very good health, and lives in the dwelling-house on the farm, which was the testator's homestead; that she always regarded the provision which was made for her by her husband's will, as in lieu of her dower in his real estate, and accepted it as such accordingly; that the annual products of the farm are not sufficient to provide her with every-

thing necessary for her comfort, and that it is necessary that some further provision be made for her; that there is a considerable growth of standing timber in good marketable condition on some parts of the farm, which, if it could be cut and sold, would provide the requisite means for at least two years to come, and that the farm itself can be sold in lots to good advantage.

The demurrer, which is general, and is filed by the widow and administratrix of Stephen, assigns for causes that the complainant as administrator with the will annexed, is not charged with the duty of securing for the widow of the testator the provision made for her by the will, and, as her agent, cannot maintain a suit brought in his own name to secure that provision for her.

The object of this suit is undoubtedly to obtain authority from this court for the sale by the complainant of the timber or land, or both, for the support of the testator's widow. As administrator with the will annexed, the complainant is not charged with the duty of providing for her support. The provision made for her by the will was a charge upon the executors (both of whom are now dead) and on the land devised to them. In order to secure it to her, the will provides that in case they shall refuse or neglect to furnish her with everything necessary for her comfort, she shall have the privilege of choosing a person to act for her; that is, that she may have some one to act in her behalf as her agent to compel performance. Obviously, any proceedings in this court in such case must be in her name, and not in that of her agent.

But beyond this, the complainant has a right to the account which he seeks of the administration of the estate of his testator by Stephen Personette, as executor, and so far he is entitled to relief. The demurrer is too extensive, and therefore must be overruled; but under the two hundred and tenth rule the matter pertaining alone to the relief, to which the complainant is by this decision held not to be entitled, will be struck out.